UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MARIC,<br><br>  Plaintiff,<br><br>  v.<br><br>BRIAN ERICKSON, et al.,<br><br>  Defendants. | No. 1:19-cv-00775-DAD-EPG<br><br>ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS WITHOUT PREJUDICE<br><br>(Doc. No. 4) |

This matter is before the court on defendants' unopposed motion to dismiss plaintiff's complaint. (Doc. No. 4.) Plaintiff is proceeding *pro se*. A hearing on the motion was held on October 16, 2019. (Doc. No. 9.) Despite having failed to file any opposition to the motion and despite not responding to the court's October 4, 2019 email seeking to ascertain whether he intended to file a statement of opposition or non-opposition to the pending motion, plaintiff appeared at the noticed October 16, 2019 hearing on defendant's motion to dismiss. At that hearing, plaintiff was informed that, pursuant to Local Rule 230(c), "[a] failure to file a timely opposition may [] be construed by the Court as a non-opposition to the motion." Plaintiff indicated that he came to the hearing prepared to orally oppose the pending motion, but that he had not had sufficient time to timely file a written opposition. In light of plaintiff's *pro se* status, the court granted plaintiff leave to submit a written opposition to defendants' motion to dismiss

1

by October 23, 2019.  The court warned plaintiff that if no written opposition was filed, defendant's motion to dismiss would be granted as unopposed.

On October 23, 2019, plaintiff filed a response to the pending motion to dismiss.  (*See* Doc. No. 10.)  Therein, plaintiff has informed the court that he will "postpone [his] federal lawsuit against [the defendants] . . . until the state court proceedings have run their course."[1]  (*Id.* at 1.)   The court construes plaintiff's response as a statement of non-opposition to the pending motion to dismiss, and will therefore grant the pending motion to dismiss without prejudice.[2]  *See Trice v. Clark Cty. Sch. Dist.*, 376 F. App'x 789, 790 (9th Cir. 2010) ("The district court did not abuse its discretion by dismissing the claims against [the] defendant . . . because [the plaintiff] failed to file an opposition to [the defendant's] motion to dismiss after the district court granted her an extension of time to do so and warned that noncompliance would result in dismissal.").[3]

Accordingly,

1. Defendants' motion to dismiss (Doc. No. 4) is granted without prejudice; and
2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **October 28, 2019**

UNITED STATES DISTRICT JUDGE

---

[1] As revealed at the October 16, 2019 hearing, plaintiff is currently involved in state court criminal proceedings, and it appears that his claims in this federal action are based, at least in part, on events that gave rise to his arrest and pending prosecution in state court.

[2] "Without prejudice" means without prejudice to plaintiff refiling this civil action at a later time, subject to any applicable statute of limitations.

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

2